

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN R. JORDAN, Jr., | No. 10-17373 |
| Plaintiff - Appellee, | D.C. No. 2:03-cv-01820-LKK-KJM |
| v. | |
| D. J. BROWN, | MEMORANDUM[*] |
| Defendant - Appellant, | |
| and | |
| J. BOITANO; T. COBB; J. COX; R. DREITH; J. EDER; T. FELKER; B. FLEMING; K. MCCRAW; D. MCGUIRE; S. PECK; S. PLATT; J. ROHLFING; D. VANDERVILLE; R. MIRANDA; S. ARMOSKUS; K. KOPEC; D. FLETCHER, | |
| Defendants. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, Senior District Judge, Presiding

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted December 4, 2012[]
San Francisco, California

Before: O'SCANNLAIN, THOMAS, and CALLAHAN, Circuit Judges.

In this pro se action, defendant Lieutenant Donald J. Brown appeals the denial of his motion for summary judgment on his qualified-immunity defense. We have jurisdiction over this interlocutory appeal under 28 U.S.C. § 1291, *see Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985), and review the immunity questions de novo, *CarePartners, LLC v. Lashway*, 545 F.3d 867, 875–76 (9th Cir. 2008). We reverse the district court's order denying summary judgment and remand this case for further proceedings in light of this court's disposition.

Brown is entitled to qualified immunity either if plaintiff John R. Jordan's facts fail to "make out a violation of a constitutional right" or if the allegedly violated right was not "clearly established at the time of defendant's alleged misconduct." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (internal quotation marks omitted).

Because Jordan has failed to show that Brown subjectively inferred a "substantial risk" that subordinates would misinterpret his order issued on November 30, 2002, and thereby cause "serious harm," Jordan's facts fall short of

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

stating a constitutional violation. *Farmer v. Brennan*, 511 U.S. 825, 834–40 (1994) (defining deliberate indifference). The facts as found below establish, at most, mere negligence. *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (negligence does not establish deliberate indifference).

Jordan also contends that Brown engaged in fraudulent concealment, has "unclean hands," and breached a contract. These claims have no merit.

Jordan's motion to correct his brief, received on May 11, 2011, is granted. Jordan's requests for judicial notice are denied. Jordan's motion filed on November 30, 2012, is denied.

Each party shall bear its own costs on appeal.

**REVERSED and REMANDED.**

Jordan v. Brown; No. 10-17373

THOMAS, Circuit Judge, dissenting:

Drawing the inferences in favor of the non-moving party, as we must in reviewing a summary judgment order, I agree with the magistrate judge's analysis contained in her Report and Recommendation dated June 30, 2010. Therefore, I would affirm the district court's denial of qualified immunity at this stage of the litigation.